The PENNSYLVANIA RAILROAD COMPANY, Libelant-Appellee,

v.

McALLISTER LIGHTERAGE LINE, Inc., Respondent-Appellant.

No. 75, Docket 24088.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 7, 1956.

Decided Jan. 8, 1957.

Edmund F. Lamb, New York City (Purdy, Lamb & Catoggio, New York City, on the brief), for respondent-appellant.

Eugene Underwood, New York City (Burlingham, Hupper & Kennedy and Richard W. Palmer, New York City, on the brief), for libelant-appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

PER CURIAM.

In this case libelant, as charterer of a barge, has recovered indemnity from respondent, the owner of the barge, for the amount it has paid in settlement of an action for personal injuries in a New York state court brought by a longshoreman engaged in unloading of adjacent barges and injured by going through a hole in the defective deck of this barge as he stepped upon it. Respondent had furnished the barge and a bargee continuously for a year under the "usual oral New York harbor barge charter," and it claims to have exhausted its obligations by delivery of the barge initially in seaworthy condition. But the evidence of customary practice of these parties and the testimony of respondent's manager show that all repairs were to be made by respondent, which was to be notified of the need therefor by the bargee. We think, therefore, that there was a clear failure upon the part of respondent to

424

keep the ship in repair as agreed, making it ultimately liable for the damage here involved to an invitee. The fact that respondent could seek reimbursement for the cost of repairs other than those made necessary by ordinary wear and tear does not change or lessen this primary responsibility.

■ Judge Weinfeld's reasoned opinion, D.C.S.D.N.Y., 137 F.Supp. 788, shows clearly the negligent condition of the barge, though we prefer to put the result in terms of breach of charter, as stated above, rather than of implied warranty, as indicated by the judge. We agree with him that the defense of *res judicata*—based on the fact that respondent had been dismissed from the state action before it was settled—is without substance, since no issue had been framed between the parties here present. Moran Towing & Transportation Co. v. Navigazione Libera Triestina, S. A., 2 Cir., 92 F.2d 37, certiorari denied Navigazione Libera Triestina, S. A. v. Moran Towing & Transportation Co., 302 U.S. 744, 58 S.Ct. 145, 82 L.Ed. 575. We also agree that the settlement was shown to have been reasonable.

Decree affirmed.